IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VEOLIA ENERGY PHILADELPHIA, INC.,**<br>        **Plaintiff,**<br><br>        **v.**<br><br>**FLOWSERVE US, INC.,**<br>        **Defendant.** | :<br>:<br>:<br>: **CIVIL ACTION NO. 18-2529**<br>:<br>:<br>: |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                          **April 30, 2019**

Plaintiff, Veolia Energy Philadelphia, Inc. filed suit against Defendant Flowserve US, Inc. asserting claims of negligence, products liability, and breach of warranty, deriving from damage allegedly caused by a product manufactured and supplied by Flowserve. Flowserve has moved to dismiss various claims against it and to strike several paragraphs in the Complaint.[1] For the reasons that follow, the motion will be granted in part and denied in part.

### I. BACKGROUND

Veolia owns and operates the Plant which supplies steam and power to customers in Philadelphia.[2] Veolia alleges that Flowserve designed and manufactured a 6-inch Flowserve Valdisk Air Actuated Butterfly Valve (the "Valve"), which it distributed to Veolia for use at Veolia's Schuylkill Main Power Plant Facility ("the Plant").[3] The Valve was installed at the Plant's turbine system in March of 2016, and according to Veolia, on June 15, 2016, the Valve malfunctioned and caused an explosion that resulted in extensive property damage at the Plant.[4]

---

[1] Although Plaintiff's opposition was filed one week after the conclusion of the 14-day time-period for filing a response to the motion to dismiss, Defendant has not been prejudiced by the delay and the Court will consider Plaintiff's opposition.
[2] Compl. ¶ 6.
[3] Compl. ¶¶ 5, 7-9.
[4] Compl. ¶ 10-12.

Veolia contends that the Valve did not perform as intended because the directional flow markings placed on the Valve by Flowserve caused it to be installed backwards.[5]

## II. LEGAL STANDARD

### a. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"[6] and "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" of a claim.[7] Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[8] The question is not whether the plaintiff ultimately will prevail but whether the complaint is "sufficient to cross the federal court's threshold."[9]

In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[10] Although the court must draw all reasonable inferences from the allegations in favor of the plaintiff,[11] it "need not accept as true unsupported conclusions and unwarranted inferences,"[12] or the plaintiff's "bald

---

[5] Compl. ¶¶ 13-18.
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).
[7] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).
[8] *Twombly*, 550 U.S. at 555 (citations and footnotes omitted).
[9] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation omitted). At the motion to dismiss stage, a court determines only whether a plaintiff will be permitted to seek evidence in support of the claims in the complaint. *See Twombly*, 550 U.S. at 556, 558–59.
[10] *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (quotation marks omitted).
[11] *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).
[12] *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (internal quotation marks and citations omitted).

assertions" or "legal conclusions."[13] The court has no duty to "conjure up unpleaded facts that might turn a frivolous…action into a substantial one."[14]

### b. Fed. R. Civ. P. 12(f)

In deciding a Rule 12(f) motion, a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on motion made by a party before responding to the pleading.[15] The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."[16] Motions to strike "generally are viewed with disfavor and rarely are granted,"[17] and, as a result, district courts generally deny such motions "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case."[18]

## III. DISCUSSION

### A. Motion to Dismiss Claims Under Rule 12(b)(6)

#### 1. Count II: Gross Negligence, Recklessness and/or Willful and Wanton Misconduct

In Count II of the Complaint, Plaintiff alleges that Defendant's "gross negligence, recklessness and/or willful and wanton conduct" caused the explosion. Defendant argues that Count II of Plaintiff's Complaint should be dismissed because Pennsylvania law does not

---

[13] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)) (quotation marks omitted).
[14] *Twombly*, 550 U.S. at 562 (quoting *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42–43 (6th Cir. 1988)).
[15] Fed. R. Civ. P. 12(f).
[16] *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015) (citation omitted).
[17] *Am. Standard Life and Accident Ins. Co. v. U.R. L., Inc.,* 701 F. Supp. 527, 531 (M.D. Pa.1988); *see also Zarichny*, 80 F. Supp. 3d at 615 ("In general, federal courts disfavor motions to strike an opponent's pleading under Fed. R. Civ. P. 12(f) because this drastic remedy often is sought by the movant simply as a dilatory or harassing tactic.") (Internal quotations and citation omitted).
[18] *Zarichny*, 80 F. Supp. 3d at 615 (quoting *River Road Dev. Corp. v. Carlson Corp.-Ne.*, Civ. A. No. 89–7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)).

recognize a cause of action for "gross negligence and/or willful and wanton conduct" apart from a claim of negligence, which Plaintiff alleges in Count I.[19] In response, Plaintiff does not dispute that a separate cause of action for gross negligence must be dismissed, but requests that the underlying allegations supporting this claim remain.[20]

Although "there is no separate cause of action under Pennsylvania law for gross negligence,"[21] Plaintiff's allegations of gross negligence may be relevant to punitive damages, which Plaintiff seeks, and the Court perceives no basis upon which to deny Plaintiff's request.[22] Therefore, to the extent Count II represents a separate cause of action for gross negligence, it is dismissed, but "the relevant allegations … will not fall away along with that dismissed claim" and Plaintiff may retain them so as to support its prayer for relief for punitive damages.[23]

### 2. Counts IV & VI: Express and Implied Warranties

Plaintiff appears to allege express and implied warranties in both Counts IV and VI, and Defendant has moved to dismiss both counts in their entirety.

The motion will be granted as to claims of express warranty, as Plaintiff has failed to plead "specific affirmations by Defendant that could be found to constitute an express warranty."[24] Notably, in Count IV, Plaintiff alleges an express warranty "by virtue of the

---

[19] Mot. to Dismiss [Doc. No. 9] at 5.
[20] Pl.'s Opp. to Mot. to Dismiss [Doc. No. 10] at 8.
[21] *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 215 n. 2 (3d Cir. 2010); *see also Hunter v. Squirrel Hill Assocs., L.P.*, 413 F.Supp.2d 517, 520 n.2 (E.D. Pa. 2005) ("the term gross negligence refers only to a heightened standard of care, not to a cause of action distinct from ordinary negligence.") (internal quotations and citation omitted).
[22] *See Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 516 (M.D. Pa. 2010) (holding that plaintiffs "cannot assert a cause of action for gross negligence; but the relevant allegations are material to a claim for punitive damages and thus will not fall away along with [sic] that dismissed claim."); *Daly v. New Century Trans, Inc.*, No. 11–cv–2037, 2012 WL 4060687, at *4 (M.D. Pa. 2012) (recognizing that allegations of gross negligence could support a claim for punitive damages).
[23] *Fiorentino*, 750 F. Supp. 2d at 516. Defendant also moves to dismiss this Count because, according to Defendant, Plaintiff fails to allege facts supporting the claim. Because Plaintiff's allegation of gross negligence will not be treated as a cause of action, the Court need not address this argument.
[24] *Fleisher v. Fiber Composites, LLC*, No. 12–1326, 2012 WL 5381381, at *4 (E.D. Pa. 2012) (internal quotations and citation omitted) ("In order to survive a motion to dismiss, a complaint asserting a claim for breach

manufacture, design, testing, inspection, distribution, sale, and/or placement into the stream of commerce of the Valve," rather than by any affirmation from Defendant, and in Count VI, Plaintiff refers to an express warranty in the heading alone and not in the substantive paragraphs, which allege only implied warranties. Because Plaintiff makes only bald assertions of express warranty, Plaintiff's claims for express warranty will be dismissed without prejudice.

As to claims of implied warranty, Defendant's motion will be denied. Plaintiff alleges a breach of implied warranty of fitness for a particular purpose in Count IV of the Complaint and a breach of implied warranty of merchantability in Count VI. Defendant argues that these causes of action should be dismissed because Plaintiff is a sophisticated commercial entity and, according to Defendant, implied warranties do not exist for sophisticated commercial entities as a matter of law.[25]

To the extent such a rule excepting sophisticated commercial entities from liability under implied warranties exists in federal court, nothing in the record suggest it applies to the circumstances of this case, and Defendant's contention that it applies broadly to all cases involving a "sophisticated commercial buyer" is not supported by case law. "Some courts have, indeed, recognized that where a buyer is sophisticated and possesses skill or knowledge about a product equal or superior to the seller's, no implied warranty of merchantability arises."[26] Those cases, however, involve a situation where the plaintiff-buyer helped the defendant-seller design the products at issue and where there was no "ordinary purpose" for the products, which were

---

of an express warranty must provide more than bald assertions, and identify specific affirmations by Defendant that could be found to constitute an express warranty."); *see also Yurcic v. Purdue Pharma, L.P.*, 343 F. Supp. 2d 386, 394 (M.D. Pa. 2004) (holding that a successful claim for breach of express warranty must plead statements made by the seller, reliance on behalf of the consumer that presumes an awareness of the warranty, and damages).

[25] Mot. to Dismiss [Doc. No. 9] at 7-9.
[26] *Cannon Tech.'s, Inc. v. Sensus Metering Sys., Inc.*, 734 F. Supp. 2d 753, 764 (D. Minn. 2010).

custom-built and unlike anything previously designed by the seller.[27] Here, there is no allegation that Plaintiff helped Defendant design the valve at issue, that it was custom-built, or that Plaintiff had knowledge superior or equal to Defendant regarding the product.

Defendant also argues that the implied warranty claims in Counts IV and VI should be dismissed because Plaintiff failed to indicate whether any alleged implied warranty was disclaimed through express warranty or agreement. Yet, Defendant points to no authority to support its position that Plaintiff has the burden to identify any express warranties that may disclaim the implied warranties in order to state a claim. The Complaint adequately puts Defendant on notice of the implied warranties alleged, which arise by operation of law and not written agreement,[28] and Defendant's motion will therefore be denied as it relates to Plaintiff's claims for breach of implied warranty.

### 3. Count VII: Punitive Damages

In Count VII of the Complaint, Plaintiff appears to allege an independent cause of action for punitive damages. Defendant argues that Count VII should be dismissed because punitive damages are not recognized as an independent cause of action.[29] In response, Plaintiff concedes this point, but seeks to have the allegations underlying Count VII incorporated into the existing valid causes of action.[30]

---

[27] *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1121–22 (7th Cir. 1983); *Price Bros. Co. v. Phila. Gear Corp.*, 649 F.2d 416, 424 (6th Cir. 1981).

[28] *See Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 276 (E.D. Pa. 2016) ("A plaintiff is not required to attach the subject contract to the complaint or plead its terms verbatim in order to state a claim."); *Altronics of Bethlehem, Inc. v. Repco Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992) ("[i]mplied warrant[ies] … arise by operation of law").

[29] Mot. to Dismiss [Doc. No. 9] at 10.

[30] Pl.'s Opp. to Mot. to Dismiss [Doc. No. 10] at 12-13.

Although punitive damages are only incidental to recognized causes of action, and not a separate cause of action in and of itself,[31] courts have found that "where a plaintiff's claim for punitive damages may be interpreted … as one premised on the underlying claims, it should not be dismissed to the extent that it seeks punitive damages 'as part of the damages calculation contingent on [the] substantive underlying claim.'"[32] Here, Plaintiff's request for punitive damages is clearly premised on Plaintiff's substantive causes of action.[33] Therefore, in the interests of efficiency and judicial economy, Plaintiff's requested damage remedy will be permitted to move forward.

## B. Motion to Strike

Defendant moves to strike several paragraphs of Plaintiff's Complaint, and cites to Fed. R. Civ. P. 12(e). Under Rule 12(e), however, a party may move for a more definite statement, and only where a "court orders a more definite statement and the order is not obeyed" may the court strike the pleading under Rule 12(e). Defendant has not moved for a more definite statement, and a motion to strike under Rule 12(e) is plainly improper.

Even if liberally construed as a motion to strike under Fed. R. Civ. P. 12(f), Defendant's motion is without merit. Defendant has not demonstrated that a Rule 12(f) motion to strike,

---

[31] *Nix v. Temple University of Com. System of Higher Educ.*, 596 A.2d 1132, 1138 (Pa. Super. 1991) ("[a] request for punitive damages does not constitute a cause of action in an of itself. Rather, a request for punitive damages is merely incidental to a cause of action.").

[32] *Smith v. Alien Flyer, LLC*, 2:15cv1128, 2016 WL 5661747, at *4 (W.D. Pa. 2016) (quoting *Ruehl v. S.N.M. Enterprises, Inc.*, No. 1:15–cv–00168, 2015 WL 2374256, at *3 (M.D. Pa. 2015)); *see also Jones v. SWEPI LP*, 2019 WL 913520, *3 (W.D. Pa. 2019 ("Plaintiff need not amend her Complaint to clarify that her requested relief for punitive damages are merely incidental to a cause of action.") (internal quotations omitted); *Husman v. Allstate Ins. Co.*, No. 06CV1646, 2007 WL 712211, at *1 (W.D. Pa. 2007) ("[a]lthough defendants are technically correct that under Pennsylvania law, punitive damages are typically plead as merely incidental to a cause of action, and not as a separate cause of action in and of itself, in the interests of efficiency and judicial economy, this Court will not elevate form over substance … Moreover, whether plead as a separate cause of action or merely appended to the prayer for relief is not material to the merits of the case.").

[33] In Count VII, Plaintiff alleges that the "actions of Defendant as described above were so outrageous … and exposes the Defendant to an award of punitive damages." Compl. [Doc. No. 1] ¶ 77.

which courts generally view with disfavor and rarely grant,[34] is warranted for any of the identified paragraphs.

In Paragraph 31 under Plaintiff's claim for negligence, Plaintiff alleges numerous errors by Defendant that "negligently, carelessly, and/or recklessly caused the explosion," such as failing to properly and/or safely design, manufacture, test, and construct the Valve, and in paragraph 31(l), Plaintiff alleges "such other negligence as discovery may reveal." Defendant moves to strike paragraph 31(l) for lack of specificity. However, Plaintiff has sufficiently pled facts relating to specifically identified theories of negligence, and regardless, any lack of specificity may be clarified through discovery.

In Paragraph 38, Plaintiff alleges that it "will also rely on *res ipsa loquitur*" to support its claim of negligence. Defendant argues that this paragraph should be stricken because Plaintiff has not pled facts establishing that *res ipsa loquitur* applies to this case. However, because *res ipsa loquitur* is a rule of evidence and is "brought into play where the situation presented makes it applicable," it "does not have to be pleaded in the complaint,"[35] and Defendant's motion to strike the reference to *res ipsa loquitur* is denied.

In paragraph 60 under Count III, which asserts a cause of action for strict liability, Plaintiff alleges that Defendant's "gross negligence, recklessness and/or wanton or willful conduct" caused Plaintiff to incur damages. Defendant argues that this clause should be stricken because it impermissibly asserts a theory of negligence within a strict liability claim. In response, Plaintiff contends that paragraph 60 should not be stricken because it refers to causation, an element of a products liability claim. Plaintiff's argument is misguided: the grossly negligent, reckless, willful or wanton conduct of a defendant is immaterial to the causation element of a

---

[34] *Am. Standard Life and Accident Ins. Co.,* 701 F. Supp. at 531.
[35] *Fassbinder v. Pa. R.R. Co.,* 322 F.2d 859, 863 (3d Cir. 1963).

product liability claim.[36] Nevertheless, this paragraph is not immaterial or impertinent, as it may be relevant to a prayer for relief for punitive damages stemming from Plaintiff's strict liability claim, and thus paragraph 60 will not be stricken.[37]

In paragraph 62, Plaintiff alleges that Defendant warranted that the Valve would be designed in accordance with "applicable codes." Defendant moves to strike the phrase "applicable codes" in this paragraph for lack of specificity, because Plaintiff does not identify the particular codes at issue. However, Plaintiff has clearly alleged how the Valve, which Defendant designed and manufactured, is allegedly defective, and any lack of specificity relating to the applicable codes may be clarified through discovery.

Finally, Defendant argues that Plaintiff's claims for legal costs and interest should be stricken from every "wherefore" clause that accompanies each Count in Plaintiff's Complaint. It is premature at the motion to dismiss stage for this Court to address the issue of legal costs. Therefore, Defendant's motion to strike references to legal costs and interest will be denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted in part and denied in part. Plaintiff's claims of violations of express warranty in Counts IV and VI are dismissed without prejudice, and with leave to amend. Plaintiff's claim for "gross negligence" in Count II of the Complaint is dismissed with prejudice, but Plaintiff may retain the allegations under this Count so as to support its prayer for relief for punitive damages. Defendant's motion is denied in all other respects. An appropriate Order follows.

---

[36] In a successful product liability claim, plaintiff must plead that a product's defective condition was the proximate cause of the harm. *Weiner v. Am. Honda Motor Co.*, 718 A.2d 305, 307 (Pa. Super. 1998).

[37] "The Pennsylvania Supreme Court has not foreclosed the awarding of punitive damages in a strict liability action if the facts warrant such an award." *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 602, 637 (E.D. Pa. 2008) (internal quotations and citations omitted). "While the element of knowledge or intention [ ] is irrelevant to a claim for strict liability, it is particularly relevant in the context of a claim for punitive damages." *Nigro v. Remingon Arms Co., Inc.*, 637 A.2d 983, 989 (Pa. Super. 1993).